**Jack TUCKER, Administrator, et al., Plaintiffs,**

v.

**INTERARMS, et al., Defendants.**

No. 1:98CV1753.

United States District Court, N.D. Ohio, Eastern Division.

Jan. 8, 1999.

Richard L. Demsey, Nurenberg, Plevin, Heller & McCarthy, Cleveland, OH, for plaintiff.

Patrick Michael Foy, Alton L. Stephens, Jr., Gallagher, Sharp, Fulton & Norman, Eric Larson Zalud, Ryan P. McBride, Benesch, Friedlander, Coplan & Aronoff, Cleveland, OH, defendants.

### MEMORANDUM & ORDER

O'MALLEY, District Judge.

Plaintiff Jack Tucker, who is the administrator of the estate of Fred Tucker ("decedent"), brings this action against the following defendants: (1) Interarms; (2) Amadeo Rossi, S.A. ("Rossi"), a company located in Brazil; and (3) two John Doe defendants. Tucker alleges that the decedent was accidentally shot to death with a handgun, which the defendants "designed, manufactured, constructed, assembled, produced, sold, modified, rebuilt, serviced and/or installed." Tucker brings claims against the defendants for negligence, product liability, and wrongful death.

Rossi enters a limited appearance and asks the Court to dismiss Tucker's claims against it for insufficient service of process, pursuant to Fed.R.Civ.P. 12(b)(5) (docket no. 6). For the reasons stated below, the motion is conditionally **DENIED**.[1] The Court allows Tucker a period of 90 days from the date of this Order to obtain service of process upon Rossi via letters rogatory.

1. Tucker's motion to file a surreply brief (docket

The facts relevant to Rossi's motion are not in dispute. Tucker filed this action in the Lorain County Court of Common Pleas ("Lorain Court"), and Interarms thereafter removed the action to this Court. Before the action was removed, the deputy clerk of the Lorain Court sent, via certified mail, a summons and a copy of the complaint to Rossi in Brazil. Tucker made no other efforts to serve process upon Rossi. Rossi received the certified letter sent by the Lorain Court clerk.

Rossi argues that because it is located in a foreign country, Tucker must follow certain procedures for proper service of process. Specifically, Rule 4(f) states as follows:

service upon an individual from whom a waiver has not been obtained and filed ... may be effected in a place not within any judicial district of the United States:

(1) by any internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; or

(2) if there is no internationally agreed means of service ... [then as follows]:

(A) in the manner prescribed by the law of the foreign country for service in that country in an action in any of its courts of general jurisdiction, or

(B) as directed by the foreign authority in response to a letter rogatory or letter of request; or

(C) unless prohibited by the law of the foreign country, by

(i) delivery to the individual personally of a copy of the summons and the complaint; or

(ii) any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the party to be served....

In this case, Brazil and the United States are both signatories to the Inter–American Convention on Letters Rogatory ("the Convention"), and also the Additional Protocol to the Convention ("Protocol"). Article 2 of the Convention states:

no. 9) is **GRANTED**.

This Convention shall apply to letters rogatory, issued in conjunction with proceedings in civil and commercial matters held before the appropriate judicial or other adjudicatory authority of one of the State Parties to this Convention, that have as their purpose:

a. the performance of procedural acts of a merely formal nature, such as service of process, summonses,....

If the Convention and Protocol requirements apply in this case, it is clear that Tucker has not obtained proper service of process upon defendant Rossi—Tucker has not requested that letters rogatory be forwarded to the central judicial authority in Brazil. Thus, the initial question in this case is whether: (1) the Convention makes it *mandatory* that a litigant located in the United States who seeks to obtain service of process upon a Brazilian defendant use letters rogatory; or (2) the Convention merely mandates how letters rogatory must be executed, but not that letters rogatory are the exclusive means of obtaining service of process.

Tucker cites to *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634 (5th Cir. 1994), *cert. denied*, 513 U.S. 1016, 115 S.Ct. 577, 130 L.Ed.2d 492 (1994), which concludes that the latter view is correct. The *Kreimerman*, court held that "[t]he Convention provides plaintiffs with a 'safe harbor'—a dependable mechanism—but not necessarily the only lawful mechanism—by which they may effect service on defendants residing in another signatory nation." *Id.* at 643. The *Kreimerman* court went on to caution, however, that "[p]laintiffs who elect not to avail themselves of the Convention machinery assume the risk that other legal principles, like the principle of international comity, might hinder their establishment of jurisdiction over the defendants. Finally, such plaintiffs may also discover that their failure to employ the Convention's safe harbor procedures makes enforcement of their judgments abroad more difficult or even impossible." *Id.* at 643–44.

■ Assuming the correctness of the *Kreimerman* analysis, however, and thus that the Convention does not set out the mandatory exclusive means for obtaining service of process upon a Brazilian defendant, it still appears that Tucker must employ letters

rogatory and has not yet obtained sufficient service of process. Rule 4(f)(2)(a) states that if there is no internationally agreed-upon means of service, then service may be obtained "in the manner prescribed by the law of the foreign country for service in that country in an action in any of its courts of general jurisdiction." The law of Brazil "requires that service of process by a foreign party upon a party domiciled in Brazil must be made by means of letters rogatory." *Alpha Omega Technology, Inc. v. PGM–Comercio E Participacoes Ltda.*, 1994 WL 37787 at *1 (S.D.N.Y. Feb. 9, 1994); *see Commodity Futures Trading Com'n v. Nahas*, 738 F.2d 487, 494 (D.C.Cir.1984) ("Brazilian law requires that service of process by foreign nations be made pursuant to a letter rogatory or a letter of request transmitted through diplomatic channels"). Thus, Rule 4(f)(2)(a) strongly suggests that Tucker must obtain service of process upon Rossi via letters rogatory.

■ Moreover, as suggested in *Kreimerman* itself, principles of international comity impact the requirements for service of process. The doctrine of international comity teaches that, when possible, foreign law "should be given effect in domestic courts, since recognition fosters international cooperation and encourages reciprocity, thereby promoting predictability and stability through satisfaction of mutual expectations." *Laker Airways Ltd. v. Sabena, Belgian World Airlines*, 731 F.2d 909, 937 (D.C.Cir. 1984). By giving effect to Brazil's apparent preference that letters rogatory be used to effectuate service of process, "[t]he interests of both forums are advanced—the foreign [state] because its laws and policies have been vindicated; the domestic country because international cooperation and ties have been strengthened. The rule of law is also encouraged, which benefits all nations." *Id.*

In this case, even if other means of obtaining service of process are technically allowed, principles of comity encourage the Court to insist that Tucker follow Brazilian law and obtain letters rogatory to ensure service of process upon Rossi. This course of action actually protects *Tucker's* own interests— Tucker's use of the "safe harbor" of letters

rogatory makes it far more likely that he will later be able to enforce any judgment abroad. *Kreimerman*, 22 F.3d at 643–44.

In sum, the Court concludes that Tucker has not yet obtained sufficient service of process upon Rossi under Rule 4(f). However, the Court denies Rossi's motion to dismiss at this time. Instead, the Court gives Tucker a period of 90 days from the date of this Order to obtain service of process upon Rossi via letters rogatory.

**IT IS SO ORDERED.**